UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
NATHANIEL R. COLLINS,

                                              04 Civ. 4672 (RPP)

                Petitioner,

                                         **OPINION & ORDER**

SUPERINTENDENT CONWAY,

                Respondent.
------------------------------------------------------------X

**ROBERT P. PATTERSON, JR., U.S.D.J.**

      Pro Se Petitioner Nathaniel R. Collins ("Petitioner") brings this Second Amended Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction on the following grounds: 1) that his constitutional rights were violated by the deception and misrepresentation on the part of the People in claiming Petitioner was identified in two separate lineups; 2) that there was fraudulent concealment of new evidence that would have been favorable to the Defendant, <u>i.e.</u> that FOIA requests reveal only one lineup was conducted and petitioner was not identified; 3) that he received ineffective assistance from both trial counsel because they failed to discover Petitioner was not identified at the alleged lineup; and 4) that his conviction was obtained by the unconstitutional failure of the prosecution to disclose that only one lineup was conducted at which Petitioner was not identified. (Second Amended Pet.) This petition is denied.

**BACKGROUND**

      On December 21, 1999, Petitioner pleaded guilty to two counts of Robbery in the First Degree, and admitted in his plea allocution that 1) on May 22, 1998, at about 1:40 a.m., he robbed David Ayala, a cab driver, at gun point, and that 2) at about 6:00 p.m.

that same day, he robbed another driver, Souleye Gaye, also at gun point. (May 22, 2003 Order, Govt. Mem. Ex. 5). The court sentenced him on January 21, 2000, as a prior felony offender, in accordance with the plea agreement, to two concurrent terms of thirteen years imprisonment. (Id. at 1).

Petitioner subsequently moved pro se for vacatur of the judgment of conviction, based on claims of duress, misrepresentation or fraud committed by the court or the prosecutor, pursuant to New York Criminal Procedure Law (hereinafter "NYCPL") § 440.10(1)(b).[1] His motion was denied on July 24, 2000. (Id. at 2). Petitioner's judgment of conviction was affirmed without opinion, People v. Collins, 292 A.D.2d 882 (N.Y. App. Div. 2002), and leave to appeal to the Court of Appeals was denied. 98 N.Y.2d 650 (N.Y. 2002). In his second pro se motion for vacatur of the judgment of conviction, Petitioner argued that 1) his conviction was procured by duress, misrepresentation, or fraud on the part of the court or the prosecutor; 2) material evidence adduced by the people at trial[2] resulting in his conviction was procured in violation of his rights; 3) conduct that did not appear in the record during trial resulted in the judgment which, if it had appeared on the record, would have required a reversal of the judgment on appeal; and 4) new evidence discovered since the entry of judgment which could not have been produced even with due diligence by the defendant at trial, would have led to a more favorable verdict. (May 22, 2003 Order at 2-3). In addition, Petitioner argued that he was not arrested on probable cause, and that the prosecutor withheld Rosario and Brady

---

[1] Petitioner claimed that because of prosecutorial vindictiveness he was prevented from receiving a lower sentence, that he received an illegal sentence, that the prosecution of one robbery was barred by double jeopardy, that the incident involved a dispute over a taxi fare and did not constitute robbery, that he was not identified by the complainant in "the second case," that the perjury charge was founded upon insufficient evidence against him, that the grand jury minutes were inaccurate, and that he did not receive copies of all the voluntary discovery. (May 22, 2003 Order at 2, n. 2).

[2] Petitioner repeatedly refers to a "trial" despite the fact that he pleaded guilty and did not go to trial.

2

material from him.  (Id. at 3).  Justice Marcus, of the Supreme Court, Bronx County, denied Petitioner's motion in all respects, pursuant to NYCPL §§ 440.10(3)(a), (c), 440.30(4)(d)(i) and (ii).  (Id. at 7).[3]

By papers both dated April 5, 2004, Petitioner filed his first habeas petition on June 22, 2004, and filed an amended petition on August 23, 2004.  He filed the instant Second Amended Petition on December 9, 2004.  On September 29, 2005, Assistant District Attorney Trace Siligmueller of the District Attorney, Bronx County, filed an Affidavit and Memorandum of Law in opposition to Petitioner's habeas petition.

In his Second Amended Petition, Petitioner challenges his detention on the following grounds:  First, Petitioner claims misrepresentation and fraud on the part of the People[4]; he asserts that the People wrongfully claimed that Petitioner was in two lineups whereas in fact he was only in one.  (Second Am. Pet. at 5-6).  Second, Petitioner claims that new evidence discovered since the entry of judgment which could not have been produced by the defendant with due diligence – namely, records that allegedly prove the existence of only one lineup – would have produced a verdict more favorable to the defendant.  (Id. at 6).  Third, Petitioner argues the ineffective assistance of both his trial counselors, based on their alleged lack of discovery of the actual lineup records and failure to make arguments pertaining to the lineup – specifically that Petitioner "was not identified at the only line-up on file" – and that Petitioner's plea was therefore not entered voluntarily but was rather compelled by misdirection of his counsel, prosecutor and the court.  (Id. at 6-7).  Fourth, Petitioner argues that his constitutional rights were

---

[3] Justice Marcus stated that he denied Petitioner's motion on each of these bases, separately and independently.  (Id. at 8, 9, 12).
[4] The petition also alleges misrepresentation and fraud by the court and the prosecutor but states no facts to support any misrepresentation by the court.

3

violated because the People failed to disclose to him that there was only one lineup. (Id. at 7).

**DISCUSSION**

28. U.S.C. § 2254(a) provides that: "a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." A federal court lacks power to review a prisoner's habeas claims, however, "when a state court declined to address [those] claims because the prisoner had failed to meet a state procedural requirement. In these cases, the state judgment rests on independent and adequate state procedural grounds." Coleman v. Thompson, 501 U.S. 722, 729-730 (1991), citing Wainwright v. Sykes, 433 U.S. 72, 81, 87 (1977).

NYCPL §§ 440.10(3)(a) and (c) states:

3. Notwithstanding the provisions of subdivision one, the court may deny a motion to vacate a judgment when:
(a) Although facts in support of the ground or issue raised upon the motion could with due diligence by the defendant have readily been made to appear on the record in a manner providing adequate basis for review of such ground or issue upon an appeal from the judgment, the defendant unjustifiably failed to adduce such matter prior to sentence and the ground or issue in question was not subsequently determined upon appeal. This paragraph does not apply to a motion based upon deprivation of the right to counsel at the trial or upon failure of the trial court to advise the defendant of such right; or
. . .
(c) Upon a previous motion made pursuant to this section, the defendant was in a position adequately to raise the ground or issue underlying the present motion but did not do so.

N.Y. CRIM. PRO. LAW §§ 440.10(3)(a) and (c).

Petitioner's claims are procedurally barred[5] because these claims were raised by Petitioner in his NYCPL § 440.10 motion, and were dismissed on procedural grounds pursuant to NYCPL §§ 440.10(3)(a) and (c), which federal courts in this circuit have found to be adequate and independent procedural bars for the purposes of federal habeas review. See, e.g., Rosario v. Bennett, No. 01 Civ. 7142, 2002 WL 31852827, *21 (S.D.N.Y. Dec. 20, 2002) ("district courts in this Circuit have consistently held that C.P.L. § 440.10(3)(c) constitutes an adequate and independent state ground barring habeas review"); Ryan v. Mann, 73 F.Supp.2d 241, 248 (E.D.N.Y. 1998) (finding Petitioner's habeas claims barred because state court had relied on two alternative state procedural bars, one of them § 440.10(3)(c)); Young v. McGinnis, 411 F. Supp. 2d 278 (E.D.N.Y. 2006)(refusing to review the merits of petitioner's claims because the state court had decided petitioner's claim on an independent and adequate state ground, NYCPL § 440.10(3)(a)); Pujols v. Greiner, No. 98 Civ. 0373, 2001 WL 477046, *7 (S.D.N.Y. May 4, 2001) (Issue barred from federal habeas review because it had been decided on adequate and independent state law grounds, pursuant to NYCPL §§ 440.10(3)(a) and 440.10(3)(c)). If Justice Marcus had sound reason to apply § 440.10(3)(c) to Petitioner's claims, the fact that he also addressed the merits of Petitioner's claim does not affect this procedural bar. Velasquez v. Leonardo, 898 F.2d 7, 9 (2d Cir.1990).

Review of Petitioner's January 28, 2003, CPL § 440 motion before Justice Marcus shows that Petitioner stated that during the June 9, 1998 lineup, "he the defendant over heard [sic] the arresting officers in fact telling the witness in spanish [sic] to [p]ick

---

[5] Petitioner's claims are not time barred because his second NYCPL § 440 motion, filed January 28, 2003, tolled the statute of limitations. See 28 U.S.C. § 2244(d)(2).

5

the person seated in chair number four. . . . [P]rior to the witness being allowed to view the people used in the lineup.. 'he switched positions from chair number four to chair number three . . . and the witness picked whom he was directed to pick.. 'e.g. the person in chair number four." (Pet. January 28, 2003 C.P.L. § 440 motion ¶¶ 12-13) (emphasis in original).[6] Thus well before his guilty plea, Petitioner was aware of the alleged change of seats and the allegedly wrong identification of the perpetrator of one of the crimes to which he pled guilty and thus could have raised the ground prior to conviction. Similarly, if there was no lineup conducted for the second taxicab driver robbery, as Petitioner alleges, the Petitioner would necessarily have known that he was not in that lineup well before his plea of guilty. Accordingly, the § 440.10(3)(c) bar found by Justice Marcus clearly existed.

In order to overcome a procedural default bar, Petitioner must show "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991) (citations omitted). In view of Petitioner's obvious knowledge of the claimed false statements regarding the lineups, Petitioner was in a position to raise misidentification by the witness with the trial court. Accordingly, Petitioner has not shown prejudice nor demonstrated a miscarriage of justice.

Petitioner's claim for ineffective assistance of counsel is likewise unavailing. Petitioner claims his counsel failed to discover the actual lineup records, and that this constitutes ineffective assistance of counsel. Petitioner's claims are entirely dependent

---

[6] Petitioner further stated that "counsel assigned to attend said lineup more than likely was unawear [sic] of what was said to the witness' mainly [sic] due to his lack of knowledge of the spanish [sic] language . . . ." (Id. ¶ 14).

6

on information that the Petitioner himself had at every stage of the proceedings after the alleged lineups. Any failure to assert these claims prior to his guilty plea is therefore a failure of Petitioner not to communicate with his counsel, not a failure of counsel. (See, e.g., supra n. 5).

Regarding Petitioner's claims to Rosario material, as the state court correctly held, Petitioner was not entitled to that material because he pled guilty before any pre-trial hearing or trial commenced. See May 22, 2003 Order at 9; N.Y. CRIM. PRO. LAW § 240.44 (Rosario material to be made available "at the conclusion of the direct examination of [the] … witnesses" at "a pretrial hearing held in a criminal court at which a witness is called to testify"); N.Y. CRIM. PRO. LAW § 240.45 (the prosecutor must make Rosario material available to the defendant "[a]fter the jury has been sworn and before the prosecutor's opening address, or in the case of a single judge trial after commencement and before submission of evidence").

The state court was also correct in holding that the prosecutor's failure to provide evidence pertaining to the lineups before Petitioner's plea of guilty was not a failure to provide Petitioner with Brady material. (May 22, 2003 Order at 9); see People v. Doshi, 93 N.Y.2d 499, 506 (N.Y. 1999) ("Brady does not . . . require prosecutors to supply a defendant with evidence when the defendant knew of, or should reasonably have known of, the evidence and its exculpatory nature.") As discussed supra, Petitioner himself was in the best position to have knowledge of these alleged facts. Because Petitioner himself stated that he knew of this alleged misidentification before he plead guilty, it is illogical to suggest that had the prosecutor provided him with that same information, he would have instead gone to trial.

Petitioner has not shown cause for his failure to raise his claims prior to the entry of his plea. Additionally, in view of his knowledge, at the time he entered his plea, of the alleged failures by his counsel and the People, he has not shown actual prejudice affecting his constitutional rights to due process, nor has he shown that dismissal of his petition will result in a fundamental miscarriage of justice. See Coleman v. Thompson, 501 U.S. at 750.

## CONCLUSION

For the foregoing reasons, Petitioner's habeas petition is denied.

IT IS SO ORDERED.

Dated: New York, New York
April 26, 2006

Robert P. Patterson, Jr.
U.S.D.J.

**Copies of this Opinion and Order sent to:**

Robert T. Johnson
District Attorney, Bronx County
Attn: Karen Swiger, Tracy Siligmueller
198 East 161st St.
Bronx, New York 10451
(718)590-2257

*Petitioner*
Nathaniel R. Collins
00A0780
Gowanda Correctional Facility
P.O. Box 311
Gowanda, N.Y. 14070-0311